NO. 07-07-0278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

SEPTEMBER 12, 2008
                                       ______________________________

DOUBLE S PETROLEUM LTD., APPELLANT

V.

SUPER CIRCLE 7 STORES, INC., APPELLEE
_________________________________

FROM THE 381ST DISTRICT COURT OF STARR COUNTY;

NO. DC-04-23; HONORABLE JOSE LUIS GARZA, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Double S Petroleum (Double S), appeals a judgment which awards
Double S $249,952.54 against appellee, Super Circle 7 Food Stores, Inc. (Super Circle 7). 
The judgment appealed from also awards appellees, Grissom & Thompson, L.L.P.,
attorney’s fees in the amount of $92,906.86 against appellee, Valero Marketing and Supply
Company (Valero). We dismiss the appeal for want of jurisdiction.
 
Background
          We will limit our discussion of the factual and procedural background of this appeal
to what is pertinent to our resolution of the jurisdictional issue. Super Circle 7 brought suit
against Valero and Double S. Valero and Double S each asserted counter-claims. These
three parties were ultimately ordered to arbitration. At the conclusion of the arbitration, the
arbitrator awarded $181,161 plus prejudgment interest to Super Circle 7 against Valero. 
The arbitrator further awarded $350,090.02 plus prejudgment interest and attorney’s fees
to Double S against Super Circle 7. The arbitrator’s award expressly states that the
contract upon which the award to Super Circle 7 is based did not provide for an award of
attorney’s fees to the prevailing party and, thus, Super Circle 7's claim for attorney’s fees
was denied.


 Following the arbitrator’s award, Double S and Super Circle 7 filed competing
applications to confirm the arbitration award. 
          Prior to the hearing on Double S and Super Circle 7's applications to confirm the
arbitration award, Valero filed a separate suit against Double S. In its answer to Valero’s
suit, Double S judicially admitted owing an amount to Valero that was approximately equal
to the judgment Super Circle 7 obtained against Valero in the present suit. In settlement
of this acknowledged debt, Double S assigned Valero $214,000 from the judgment in its
favor in the present suit. 
          Prior to the hearing on the competing applications to confirm the arbitrator’s award,
Grissom & Thompson filed a plea in intervention in the suit. Both Double S and Valero
opposed the intervention. Grissom & Thompson admitted its contingency fee contract with
Super Circle 7 into evidence at the hearing. The trial court ruled that Grissom &
Thompson’s intervention would be allowed. Soon after this hearing, the trial court
executed its Final Judgment, which awarded Grissom & Thompson $89,821.26 from Super
Circle 7's recovery from Valero. This left Super Circle 7 with a judgment against Valero in
the amount of $123,923.79. The Judgment also confirmed the arbitrator’s $350,090.02
award to Double S against Super Circle 7.



          Following the trial court’s Final Judgment, Valero filed a Motion for New Trial and
to Modify the Judgment. In this motion, Valero sought to have the Judgment reflect the
set-off in the amount it owed Super Circle 7 based on the assignment it had received from
Double S in the other suit. At this time, Double S filed its Notice of Appeal. Following a
hearing on Valero’s motion, the trial court executed an Amended Final Judgment that
awarded Double S $249,952.54 against Super Circle 7 and awarded Grissom & Thompson
$92,906.86 against Valero.


 As stated by Double S in their appellate brief, “The Amended
Final Judgment reflects an offset of the judgment amounts assigned to Valero by Double
S against what the trial court found was owed by Valero to Super [Circle] 7.” Valero filed
a Notice of Appeal regarding this Amended Final Judgment, but ultimately settled its
obligation to Grissom & Thompson and dismissed its appeal. 
          This Court has received motions to dismiss from both Valero and Super Circle 7. 
These motions contend that Double S does not have standing to appeal because it has no
justiciable interest in the issues it asserts on appeal. On July 17, 2008, we abated this
appeal to allow the parties to file briefs relating to the jurisdictional issue. We have
received Double S’s response to the motions to dismiss.
Law and Analysis
          In their motion, Valero correctly indicates that the Amended Final Judgment was in
favor of Double S and that no award was made against Double S. Double S contends that
the trial court’s award of attorney’s fees directly to Grissom & Thompson injured Double
S and, thereby, gave Double S standing to challenge the Amended Final Judgment on
appeal. According to Double S, it was injured because the trial court’s direct award of
attorney’s fees from Valero to Grissom & Thompson prevented Double S from realizing a
full credit for the amount of its assignment to Valero.
          Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Standing is
implicit in the concept of subject matter jurisdiction. See id. In assessing whether a party
to a suit has standing, we must focus on whether the party has a sufficient relationship with
the lawsuit to have a justiciable interest in its outcome. Austin Nursing Ctr., Inc. v. Lovato,
171 S.W.3d 845, 848 (Tex. 2005). For a party to have a justiciable interest in a suit, there
must be a real controversy between the parties which will be actually determined by the
judicial declaration sought. Id. at 849. An appealing party may not complain of errors that
do not injuriously affect it or that merely affect the rights of others. Torrington Co. v.
Stutzman, 46 S.W.3d 829, 843 (Tex. 2000). While we are to review issues of subject
matter jurisdiction de novo, see Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998), in the present case, the issue of Double S’s standing did not arise until it attempted
to appeal the trial court’s Amended Final Judgment’s award of direct damages from Valero
to Grissom & Thompson.
          While it appears that Double S did not realize the full credit it intended to receive
when it made its assignment to Valero, Double S was not caused any financial harm by the
trial court’s Amended Final Judgment. Based on the arbitrator’s award, Super Circle 7
would have received approximately $201,000, with interest included to the date of the
Amended Final Judgment, from Valero, while Double S would have received approximately
$378,000, interest included, from Super Circle 7.


 Thus, if the intervention of Grissom &
Thompson had not been allowed, Double S’s assignment would have afforded it a
$201,000 credit against its debt to Valero, but would have reduced its recovery from Super
Circle 7 to $177,000. 
          However, due to the trial court’s award of a portion of Super Circle 7's recovery to
its attorneys, Super Circle 7's direct recovery was decreased to $128,000. This decrease
reduced the amount that Valero owed to Super Circle 7 under the judgment and, therefore,
reduced the amount that could be offset by the assignment. As a result, the $128,000
Valero owed to Super Circle 7 was removed from the Amended Final Judgment while
Double S’s recovery from Super Circle 7 was offset by the $128,000, resulting in the
$250,000 award to Double S from Super Circle 7. In the end, Double S received the
$93,000 that Valero was ordered to pay to Grissom & Thompson in its judgment against
Super Circle 7 as part of its recovery from Super Circle 7 rather than as a credit against its
debt to Valero. Based on the Amended Final Judgment, if Double S were to pay Valero
$93,000 from its $250,000 recovery, it would be in the same position it would have been
in if the trial court had not allowed the intervention of Grissom & Thompson.
          Double S has made no contention that it lost any benefit of the bargain or suffered
any other injury as a result of the trial court’s Amended Final Judgment. In fact, while
Double S contends that it was harmed by the Amended Final Judgment because it did not
receive a full credit for its assignment, we note that the assignment to Valero was for a sum
certain ($214,000) to be obtained from Double S’s recovery. Thus, under the terms of the
assignment, Valero was entitled to $214,000 from Double S’s recovery and any limit in the
application of an offset did not affect the assignment to Valero. Thus, we conclude that
Double S’s assignment to Valero was unaffected by the trial court’s award in favor of
Grissom & Thompson.
          Finally, Double S’s appellate issues challenge the direct award of damages to
Grissom & Thompson based on Grissom & Thompson’s contingency fee contract with
Super Circle 7. While it may have been inappropriate for the trial court to have awarded
contingent fees directly to counsel in the judgment, since the award only affected Super
Circle 7's recovery, we believe that only Super Circle 7 would have standing to challenge
this award. Since Super Circle 7 has not challenged this award and since we conclude that
Double S does not have standing to challenge this award, we dismiss this appeal for want
of jurisdiction.
Conclusion
          Having determined that Double S does not have standing to present the issues it
presents on appeal, we dismiss this cause for want of jurisdiction.
 
                                                                Mackey K. Hancock

                                                                          Justice



Pirtle, J., concurs in the result.